UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MACSTEEL INTERNATIONAL USA CORP. | CIVIL ACTION |
| Plaintiff | NO. 07-484 (JJF) |
| v. | |
| MV DOBRUSH IN REM, HER ENGINES, BOILERS, ETC., ET AL. | |
| Defendants. | |

### ANSWER AND VERIFIED CROSSCLAIM OF WESTERN BULK CARRIERS K.S.

Defendant, Western Bulk Carriers K/S incorrectly identified in the Complaint as Western Bulk Carriers A.S., by and through counsel, answers Plaintiff's Complaint upon information and belief as follows:

#### JURISDICTION

1. Admitted.

#### PARTIES

2. Answering Defendant lacks information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 2 of Plaintiff's Complaint and therefore same are denied and strict proof demanded at time of trial.

3. Denied as stated and averred to the contrary. Western Bulk Carriers K/S is a foreign corporation. At all times material hereto, Western Bulk Carriers K/S was the time charterer of the MV DOBRUSH pursuant to a written charter party dated January 15, 2007.

4. Paragraph 4 of Plaintiff's Complaint refers to a defendant other than Answering Defendant, therefore, no answer is required. If the answer is deemed necessary, then same is denied and strict proof demanded at time of trial.

5. Paragraph 5 of Plaintiff's Complaint refers to a defendant other than Answering Defendant, therefore, no answer is required. If the answer is deemed necessary, then same is denied and strict proof demanded at time of trial.

## FACTS

6. Admitted that on or about January 28, 2007 in the port of St. Petersburg Russia, a cargo of steel plates and coils was loaded aboard the MV DOBRUSH. It is denied that the coils and plates were in good order and condition when delivered to the vessel. It is averred to the contrary that all coils and plates were wet and partly covered with rust at the time of loading.

7. It is admitted that the MV DOBRUSH arrived in the port of Wilmington, Delaware. It is denied that the cargo of steel coils and plates was not in the same order and condition as when loaded aboard the MV DOBRUSH.

8. Answering Defendant lacks information or knowledge sufficient to form a belief as to the truth of the averments contained in paragraph 8 of Plaintiff's Complaint and therefore same are denied and strict proof demanded at time of trial.

9. Denied and strict proof demanded at time of trial.

## AFFIRMATIVE DEFENSES

10. Plaintiff's Complaint fails to set forth a claim upon which relief can be granted.

11. This Court lacks jurisdiction over the person of Answering Defendant.

12. The Complaint must be dismissed pursuant to the choice of law and the forum provisions in the Contract of Carriage and Applicable Charter Party.

13. Plaintiffs are not the proper party in interest.

14. Answering Defendant's liability, if any, is limited by the United States Carriage Goods By Sea Act, 46 U.S.C. 1304 to $500.00 per package.

15. Any loss or damage to Plaintiff's cargo, which is specifically denied, was caused solely or in part by the fault or negligence of third parties for whom Answering Defendant is not responsible.

16. Answering Defendant claims the defenses of the Carriage of Goods By Sea Act, 46 U.S.C. 1300 et seq. including by not limited to perils, dangers and accidents at sea, acts of God, inherent vice of the goods, insufficient packaging or markings, error in management or navigation and any other cause arising without the actual fault or privity of Answering Defendant or the fault or negligence of their agents or servants.

17. Answering Defendant claims the defenses available to them under the Harter Act, 46 U.S.C. § 192.

18. Answering Defendant claims all the defenses claimed in dock receipts, mate's receipts, charter parties and/or bills of lading, including but not limited to, proper delivery and exceptions noted thereon.

19. Answering Defendant does not waive its right to arbitration under any existing charter party between the parties.

20. Any loss or damage to Plaintiff's goods, which is denied, occurred either before said goods were received for shipment and/or after the vessel arrived in the port of Wilmington or the port of Houston and the goods were placed in the control of discharging stevedores.

## VERIFIED CROSSCLAIM

<u>Western Bulk Carriers K/S v. Commercial Fleet of Donbass and
MV DOBRUSH, In Rem, Her Engines, Boilers, Tackle, etc.</u>

21. The allegations contained in paragraphs 1 through 9 of Plaintiff's Complaint and Answering Defendant's responses thereto are incorporated herein by reference, same as though fully set forth at length.

22. Cross Claimant is a foreign corporation with an office and place of business in Oslo, Norway.

23. Cross Defendant Commercial Fleet of Donbass is a foreign corporation with an office and place of business in Donetsk, Ukraine.

24. Plaintiff in this matter has alleged damage to a cargo of steel shipped aboard the MV DOBRUSH. Answering Defendant and Cross Claimant has denied liability for any damages to Plaintiff's cargo.

25. The damage to Plaintiff's cargo, if any, was caused by the negligence, breach of contract, unseaworthiness, or other fault of cross defendants, their agents, servants or employees.

26. At all times material hereto, Cross Defendant owned and operated the MV DOBRUSH. At all times material hereto, Cross Claimant was Time Charterer of the MV DOBRUSH pursuant to a written Charter Party dated January 15, 2007.

27. If Plaintiff prevails against Cross Claimant on the allegations contained in Complaint, then Cross Defendant is liable over to Cross Claimant by way of indemnity or contribution.

WHEREFORE, Cross Claimant prays:

1. that Plaintiff's Complaint be dismissed with prejudice;

2. that judgment be entered in favor of Defendant and against Plaintiff;

3. that judgment be granted in favor of Cross Claimant and against Cross Defendant;

4. that Cross Claimant be granted indemnity or contribution toward any amounts for which they may be found liable to Plaintiff;

5. that process and due form of law according to the practice of this Court in causes of admiralty and maritime claims issue against the MV DOBRUSH In Rem, her engines, boilers and tackle, etc. and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters aforesaid and that this Court enter judgment in favor of Cross Claimant and against the MV DOBRUSH for any amounts that Cross Claimant may be found liable to Plaintiff and that the MV DOBRUSH may be condemned and sold to pay therefore; and

6. that this Court grant Defendant and Cross Claimant such other and further relief as may be just and proper in the circumstances.

FOX ROTHSCHILD LLP

By: /s/ Kelly

Sharon Oras Morgan
919 North Market Street
Suite 1300
Wilmington, DE 19801

Attorneys for Defendant/Cross-Claimant
Western Bulk Carriers K/S

Dated: August 21, 2007

## VERIFICATION

STATE OF DELAWARE )
                              ) SS:
NEW CASTLE COUNTY )

     Sharon Oras Morgan, being duly sworn according to law, deposes and states:

     1.     I am a member of the firm of Fox Rothschild LLP, attorneys for Defendant and Cross Claimant, Western Bulk Carriers K/S, in this action with offices located at Citizens Bank Center, 919 North Market Street, Suite 1300, 13th Floor, Wilmington, DE 19801-2323. This Verification is made by me because Defendant Western Bulk Carriers K/S has no office within jurisdiction of the United States District Court for the District of Delaware.

     2.     I have read the foregoing Verified Crossclaim and know its contents. The Verified Crossclaim is true to my knowledge, except as to matters alleged upon information and belief and as to those matters I believe them to be true.

     3.     The sources of my information and grounds for my belief as to all matters in the foregoing Verified Crossclaim not stated to be made upon my knowledge are based upon a review of the file materials.

                                                                     Sharon Oras Morgan

Sworn to before me this
_21st_ day of August, 2007.

_Barbara A. Lewis_
Notary Public
    BARBARA A. LEWIS
    NOTARY PUBLIC
    STATE OF DELAWARE
    My Commission Expires Sept. 30, 2009

## CERTIFICATE OF SERVICE

I, Sharon Oras Morgan, Esquire, hereby certify that a true and correct copy of the foregoing Answer and Verified Crossclaim of Western Bulk Carriers K.S. was served via First Class Mail upon:

> James F. Sweeney, III, Esq.
> Nicoletti Hornig Campise & Sweeney
> Wall St. Plaza
> 88 Pine St.
> New York, NY 10005
>
> Lynn Parker, Esq.
> Holstein Keating Cattell Johnson & Goldstein, P.C.
> N. Orange Street
> Suite 730
> Wilmington, DE 19801
>
> Anne Michelle Higgins, Esq.
> Rawle & Henderson, LLP
> The Widener Building
> One South Penn Square
> Philadelphia, PA 19107

> _____
> Sharon Oras Morgan

Dated: August 21, 2007