IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MACSTEEL INTERNATIONAL USA CORP., | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| M/V DOBRUSH *in rem*, her engines boilers, etc., WESTERN BULK CARRIERS A.S., and COMMERCIAL FLEET OF DONBASS, | : | NO. 07-484 (JJF) |
| Defendants | : | |

**DEFENDANTS M/V DOBRUSH, *IN REM*, AND COMMERCIAL FLEET OF DONBASS'
ANSWER TO PLAINTIFF'S COMPLAINT
AND CROSS-CLAIM AGAINST CO-DEFENDANTS**

Defendants, M/V DOBRUSH, *in rem,* and Commercial Fleet of Donbass ("Donbass"), by and through their attorneys, Rawle & Henderson LLP, answers plaintiff's Complaint as follows:

**JURISDICTION**

1. The allegations contained in paragraph 1 of plaintiff's Complaint are conclusions of law to which no response is required.

**PARTIES**

2. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and accordingly, deny the same and demand strict proof at trial.

3. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and accordingly, deny the same and demand strict proof at trial.

4. Admitted in part and denied in part. It is admitted only that Donbass is a foreign

2144237-1

corporation with an office and place of business in Ukraine, and is the owner and manager of the M/V DOBRUSH.

5. Admitted in part and denied in part. It is admitted only that the M/V DOBRUSH is a bulk carrier motor vessel.

## FACTS

6. Admitted in part and denied in part. It is admitted only that in or about January 2007 in St. Petersburg, Russia, a shipment of steel coils and plates was shipped aboard the M/V DOBRUSH for carriage to Wilmington, Delaware. It is denied that the steel coils and plates were in good order and condition.

7. Admitted in part and denied in part. It is admitted only that the M/V DOBRUSH arrived at the port of Wilmington, Delaware where it made delivery of the shipment. It is specifically denied that the steel coils and plates were received by the vessel in good order and condition. By way of further answer, it is denied that there was any impaired value by reason of loss, damage and contamination of the shipment resulting from any violation of defendants' obligations and duties as common carriers of merchandise by water for hire; the breach of any such duty or obligation being specifically denied.

8. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and accordingly, deny the same and demand strict proof at trial.

9. Denied.

WHEREFORE, defendants M/V DOBRUSH, *in rem*, and Commercial Fleet of Donbass ("Donbass") seek judgment be entered in their favor and against the plaintiff and that the answering defendants be permitted to recover the costs of this litigation and their disbursements.

## CROSS-CLAIM AGAINST CO-DEFENDANTS

Answering defendants M/V DOBRUSH, *in rem*, and Commercial Fleet of Donbass ("Donbass"), bring the following cross-claim against co-defendant Western Bulk Carriers A.S. and aver upon information and belief as follows:

1. Defendants, M/V DOBRUSH, *in rem*, and Donbass, incorporate by reference paragraphs 1-9 of plaintiff's Complaint as if fully set forth herein.

2. If the averments of plaintiff's Complaint are correct, said averments being specifically denied as they relate to defendants M/V DOBRUSH, *in rem*, and Donbass, then the damages alleged by plaintiff were the result of negligence, carelessness, and breach of obligations on the part of co-defendants.

3. The carelessness, negligence and breach of obligations of the co-defendants were the sole or a substantial factor in causing the damage claimed by the plaintiff.

4. M/V DOBRUSH, *in rem*, and Donbass have incurred and will incur in the future substantial costs and expenses, including counsel fees, involved in the investigation and defense of this matter.

WHEREFORE, defendants M/V DOBRUSH, *in rem*, and Commercial Fleet of Donbass ("Donbass") respectfully requests judgment be entered against co-defendant Western Bulk Carriers A.S. for indemnity or contribution for any judgment in favor of the plaintiff, and that answering defendants be permitted to recover the costs of this litigation and their disbursements.

## FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE

Plaintiff is not the real party in interest.

### THIRD SEPARATE DEFENSE

Plaintiff's claim is barred by the doctrines of estoppel, waiver, and accord and satisfaction.

### FOURTH SEPARATE DEFENSE

This Court lacks personal and subject matter jurisdiction over answering defendant in accordance with the relevant terms of the contract of carriage.

### FIFTH SEPARATE DEFENSE

Venue is improper in accordance with the relevant contracts of carriage.

### SIXTH SEPARATE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

### SEVENTH SEPARATE DEFENSE

Answering defendant incorporates all defenses available, if any, under the Harter Act of 1893, 46 U.S.C. Sections 190-196, to the extent that it applies in this case.

### EIGHTH SEPARATE DEFENSE

Answering defendant incorporates all defenses available, if any, under the United States Carriage of Goods at Sea Act of 1936, 46 U.S.C. §§ 1300 *et seq.*, (COGSA) to the extent that the Act applies in this case.

### NINTH SEPARATE DEFENSE

All or part of the loss, shortage, or damage to the aforementioned cargo, if any, was caused by perils, dangers, and accidents of the sea for which answering defendant is not liable.

### TENTH SEPARATE DEFENSE

Plaintiff has failed to give timely notice of the alleged damage to the cargo within three days after discharge and, therefore, under the Carriage of Goods by Sea Act, it must be presumed

that no damage occurred.

## ELEVENTH SEPARATE DEFENSE

Any alleged liability of answering defendant for claimed damage to the cargo in question, such liability being specifically denied, is limited to $500.00 per package.

## TWELFTH SEPARATE DEFENSE

Plaintiff's claims are governed by the terms of the respective charter parties applicable to the vessel enumerated in plaintiff's Complaint.

## THIRTEENTH SEPARATE DEFENSE

Answering defendant incorporates each and every term and provision of any long form bill of lading issued in respect of the shipment in question as any such term or condition may apply in exoneration from or limitation of any alleged liability to plaintiff.

## FOURTEENTH SEPARATE DEFENSE

Answering defendant incorporates each and every term and provision of any terminal or warehouse tariff applicable to the shipment in question as any such terms and conditions may apply in exoneration from or limitation of any alleged liability to plaintiff.

## FIFTEENTH SEPARATE DEFENSE

Any alleged damage to cargo in question, such damage being specifically denied, was a preshipment condition for which defendant is not liable.

## SIXTEENTH SEPARATE DEFENSE

Any alleged damage to the cargo in question, all such damage being specifically denied, occurred in whole or in part after delivery to plaintiff and, therefore, answering defendant is not liable.

### SEVENTEENTH SEPARATE DEFENSE

All or part of the loss, shortage, or damage to the aforementioned cargo, if any, was caused by the act or omission of the manufacturer of the goods or its agents or representatives and, accordingly, answering defendant is not liable.

### EIGHTEENTH SEPARATE DEFENSE

Any and all alleged loss or damage to cargo was caused in whole or in part by the negligence, carelessness and/or fault of third parties for whom answering defendant is not responsible.

### NINETEENTH SEPARATE DEFENSE

Any alleged damage or loss to the cargo in question was caused in whole or in part by plaintiff's negligence, carelessness, and/or fault, and therefore, answering defendant is not liable.

### TWENTIETH SEPARATE DEFENSE

Any loss or damage which may be demonstrated by the plaintiff was caused in whole or in part by plaintiff's failure to adequately instruct answering defendant with regard to the care of the cargo.

### TWENTY-FIRST SEPARATE DEFENSE

By its actions, plaintiff has irrevocably waived any and all rights which it might otherwise have had to assert against answering defendant.

### TWENTY-SECOND SEPARATE DEFENSE

The plaintiff and/or its predecessors in title and/or its consignees was contributorily negligent and/or assumed the risk of loss involved by reason of the failure to properly package the goods involved and/or any alleged damage or shortage was caused or contributed to by an inherent vice in the goods.

### TWENTY-THIRD SEPARATE DEFENSE

The amount of any alleged damage and/or shortage claimed by plaintiff is limited to the value of the merchandise as set forth and stated by the plaintiff, its predecessors in title and/or its consignees, in the appropriate shipping and receiving documents pertaining to the particular merchandise involved.

### TWENTY-FOURTH SEPARATE DEFENSE

There was a failure to mitigate any alleged damage or shortage to the goods in question.

### TWENTY-FIFTH SEPARATE DEFENSE

All or part of the loss, shortage, or damage to the aforementioned cargo, if any, was caused by the act or omission of the shipper of the goods or its agents or representatives and, accordingly, answering defendant is not liable.

### TWENTY-SIXTH SEPARATE DEFENSE

Plaintiff and/or its predecessors in title and/or the plaintiff's consignees, through their agents, servants, employees and/or representatives, and/or defendants other than M/V DOBRUSH, *in rem*, and Commercial Fleet of Donbass had actual or constructive knowledge of the physical condition of the pier in question and therefore, M/V DOBRUSH, *in rem*, and Commercial Fleet of Donbass are not liable for any damage and/or shortage resulting from this known condition since the plaintiff and/or defendants other than M/V DOBRUSH, *in rem*, and Commercial Fleet of Donbass are barred from recovery by reason of their own contributory negligence and/or assumption of the risk and/or implied consent to the condition of the premises.

### TWENTY-SEVENTH SEPARATE DEFENSE

Plaintiff has failed to join an indispensable party.

## TWENTY-EIGHTH SEPARATE DEFENSE

The forum is improper in accordance with the relevant contracts of coverage.

## TWENTY-NINTH SEPARATE DEFENSE

Any damages which the plaintiff may have sustained, all of which are expressly denied, were caused or contributed to by improper packaging.

WHEREFORE, defendants M/V DOBRUSH, *in rem*, and Commercial Fleet of Donbass ("Donbass") seek judgment be entered in its favor and against the plaintiff and that the answering defendants be permitted to recover the costs of this litigation and their disbursements.

RAWLE & HENDERSON LLP

By: /s/ Gary F. Seitz
Gary F. Seitz (No. 4457)
Attorneys for Defendants,
M/V DOBRUSH, *in rem*, and
Commercial Fleet of Donbass ("Donbass")
300 Delaware Ave., Suite 1015
Wilmington, DE 19801
Phone: 302-7781200
Fax: 302-778-1400

DATED: 09/07/07

## CERTIFICATE OF SERVICE

I, Gary F. Seitz, certify that a copy of the foregoing pleading was filed with the Court via the Electronic Case Filing System, and was served on the below listed counsel of record through the same means, unless they are not registered to receive filings electronically, in which case service was made by U.S. Mail, postage pre-paid.

>Lynne M. Parker, Esquire
>HOLLSTEIN KEATING CATTELL
>JOHNSON & GOLDSTEIN, P.C.
>1201 North Orange Street, Suite 730
>Wilmington, DE 19801
>
>James F. Sweeney, Esquire
>NICOLETTI HORNIG & SWEENEY
>Wall Street Plaza
>88 Pine Street, 7th Floor
>New York, NY 10005
>
>Sharon Oras Morgan, Esquire
>FOX ROTHSCHILD LLP
>919 North Market Street
>Suite 1300
>Wilmington, DE 19801

RAWLE & HENDERSON LLP

By:  /s/Gary F. Seitz
Gary F. Seitz (No. 4457)
Attorneys for Defendants,
M/V DOBRUSH, *in rem*, and
Commercial Fleet of Donbass ("Donbass")
300 Delaware Ave., Suite 1015
Wilmington, DE 19801
Phone: 302-7781200
Fax: 302-778-1400

DATED: 09/07/07

2015460-1