IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MACSTEEL INTERNATIONAL USA CORP., | : |
| Plaintiff, | : |
| | : Civil Action No. 07-484-JJF-LPS |
| v. | : |
| | : |
| M/V DOBRUSH in rem, her engines, boilers, etc., WESTERN BULK CARRIERS A.S., and COMMERCIAL FLEET OF DONBASS, | : |
| Defendants. | : |

**MOTION TO COMPEL DISCOVERY**

Plaintiff Macsteel International USA Corp. hereby moves, pursuant to paragraph 4 of the Rule 16 Scheduling Order dated October 16, 2007 and pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel defendant Commercial Fleet of Donbass ("Donbass") to comply with legitimate discovery demands served herein on November 9, 2007. The grounds for the motion is set forth below.

1. Fed.R.Civ.P. 37 provides in pertinent part:

> **Failure to Make Disclosure or Cooperate in Discovery; Sanctions**
>
> **(a) Motion For Order Compelling Disclosure or Discovery.** A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:
>
> \*\*\*
>
> …if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request ….
>
> \* \* \*

{2242.00001:APF4898}

**(4) Expenses and Sanctions**

**(A)** If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees….

* * *

**(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request of Inspection.** If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or …(3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule…. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

2. On November 9, 2007, plaintiff served and filed its Request for Production of Documents (see copy attached hereto as Exhibit "A"). Apart from producing copies of two (2) survey reports, defendant Donbass has not responded to this documentary discovery nor has it objected thereto. The time for responses and/or objections expired on December 9, 2007.

3. On November 9, 2007, plaintiff served and filed its Notice of Deposition seeking to depose defendant Donbass by the Master and Chief Mate of the M.V. DOBRUSH. That deposition was scheduled for December 18, 2007. A copy of the

Notice of Deposition is attached hereto as Exhibit "B." Defendant Donbass failed to produce any witnesses for deposition on that date and no objections or requests for adjournment were made or received.

    4. Plaintiff certifies that reasonable good faith efforts were made to reach agreement on this discovery issue and thereby avoid court intervention. A copy of the January 31, 2008 letter e-mailed to Donbass' counsel is attached hereto as Exhibit "C." No response to that letter was received, although a response was solicited.

For the foregoing reasons, plaintiff respectfully requests that this Court issue an Order compelling defendant Donbass' compliance with the aforesaid discovery demands and that plaintiff be awarded the reasonable expenses incurred in making this motion, including attorneys' fees and that plaintiff have such other, further and different relief as to this Court may seem just and proper.

                                            HOLLSTEIN KEATING
                                    CATTELL JOHNSON & GOLDSTEIN P.C.

                                  By: /s/ Lynne M. Parker
                                      Lynne M. Parker, Bar No. 2811
                                      1201 N. Orange Street, Suite 730
                                      Wilmington, Delaware 19801
                                      (302) 884-6700
                                      Attorneys for Plaintiff

<u>LEAD COUNSEL</u>
James F. Sweeney, Esquire
Nicoletti Hornig & Sweeney
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY  10005


Dated: February 6, 2008

## **CERTIFICATE OF SERVICE**

I, Lynne M. Parker, Esquire, hereby certify that I caused to be served two copies of the foregoing MOTION TO COMPEL DISCOVERY this 6th day of February, 2008 upon the following counsel of record via Electronic Case Filing System and First Class U.S. Mail:

Gary F. Seitz, Esquire
Rawle & Henderson LLP
300 Delaware Avenue, Suite 1015
Wilmington, DE 19801

Sharon Oras Morgan, Esquire
Fox Rothschild LLP
919 North Market Street
Suite 1300
Wilmington, DE 19801

                              HOLLSTEIN KEATING
                   CATTELL JOHNSON & GOLDSTEIN P.C.

                   By: /s/ Lynne M. Parker
                      Lynne M. Parker, Bar No. 2811
                      1201 N. Orange Street, Suite 730
                      Wilmington, Delaware 19801
                      (302) 884-6700
                      Attorneys for Plaintiff

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MACSTEEL INTERNATIONAL USA
CORP.,
              Plaintiff,

v.

              Civil Action No. 07-484 (JJF)

M/V DOBRUSH in rem, her engines,
boilers, etc., WESTERN BULK
CARRIERS A.S., and COMMERCIAL
FLEET OF DONBASS,
              Defendants.

### REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that defendants produce and permit plaintiff to inspect and copy each of the following documents and materials at the offices of HOLLSTEIN KEATING CATTELL JOHNSON & GOLDSTEIN P.C., within thirty (30) days of the date of service hereof:

1.    As to the vessel:

    (a)    The general arrangement plans;

    (b)    The capacity plans;

    (c)    All maintenance and repair records for the vessel's cargo holds;

    (d)    All Classification Society files and reports;

    (e)    All photographs.

2.    As to the instant voyage:

{2242.00001:APF4194}

(a) The deck log books, both rough and smooth copies;

(b) The engine log books, both rough and smooth copies;

(c) The voyage repair reports;

(d) Log extracts and/or voyage reports;

(e) Stowage plan;

(f) All loading and discharging reports;

(g) Chief Engineer's workbook;

(h) All repair requisitions;

(i) All repair work orders;

(j) All protests;

(k) All Stevedore invoices;

(l) All cargo records;

(m) All photographs taken of the ship and/or cargo before, during and/or after the voyage;

(n) All Master's or Mate's receipts;

(o) All records and reports concerning ventilation of the cargo and the vessel's cargo holds;

(p) All records and reports concerning soundings of the bilge tanks;

(q) All charterparties;

(r) All records and reports of the temperature, dew points and relative humidity in the cargo holds;

{2242.00001:APF4194}

        (s)       The ventilation log

3. As to the cargo:

        (a)       The Chief Mate's receipts;

        (b)       All dock receipts;

        (c)       Cargo manifests;

        (d)       All delivery receipts;

        (e)       The original, accomplished bills of lading;

        (f)       All survey and/or analysis reports;

        (g)       All loading reports;

        (h)       All tallies;

        (i)       Non-negotiable bills of lading;

        (j)       All samples;

        (k)       All Over, Short & Damage (OS&D) Reports;

        (l)       All photographs;

4. Any and all memoranda or writings or other materials reflecting or indicating damage to the subject cargo or the cause thereof.

5. Defendants' and their P & I Clubs' claim files for the subject voyage.

6. All correspondence, communications and/or writings concerning this cargo between the defendants and

        (a)       All ports agents;

        (b)       Agents or representatives of the shipowner;

{2242.00001:APF4194}

      (c)      P & I agents or representatives;

      (d)      All surveyors;

      (e)      All underwriting representatives or agents;

      (f)      Defendants' personnel agents or representatives.

      (g)      The vessel's officers and/or crew members.

7.    All weather logs, weather forecasts, routing data and/or other weather records for the instant voyage.

8.    All items defendants will or may rely upon in the defense of this action.

HOLLSTEIN KEATING
CATTELL JOHNSON & GOLDSTEIN P.C.

By: /s/ Lynne M. Parker
Lynne M. Parker, Bar No. 2811
1201 N. Orange Street, Suite 730
Wilmington, Delaware 19801
(302) 884-6700
Attorneys for Plaintiff

Dated: November 9, 2007

{2242.00001:APF4194}

- 4 -

## CERTIFICATE OF SERVICE

I, Lynne M. Parker, Esquire, hereby certify that I caused to be served copies of the foregoing REQUEST FOR PRODUCTION OF DOCUMENTS this 9th day of November, 2007 upon the following counsel of record via the Electronic Case Filing System and First Class U.S. Mail:

Gary F. Seitz, Esquire
Rawle & Henderson LLP
300 Delaware Avenue, Suite 1015
Wilmington, DE 19801

Sharon Oras Morgan, Esquire
Fox Rothschild LLP
919 North Market Street
Suite 1300
Wilmington, DE 19801

HOLLSTEIN KEATING
CATTELL JOHNSON & GOLDSTEIN P.C.

By: /s/ Lynne M. Parker
    Lynne M. Parker, Bar No. 2811
    1201 N. Orange Street, Suite 730
    Wilmington, Delaware 19801
    (302) 884-6700
    Attorneys for Plaintiff

Dated: November 9, 2007

{2242.00001:APF4194}

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MACSTEEL INTERNATIONAL USA :
CORP., :
              Plaintiff, :
    :   Civil Action No. 07-484 (JJF)
v. :
    :
M/V DOBRUSH in rem, her engines, :
boilers, etc., WESTERN BULK
CARRIERS A.S., and COMMERCIAL :
FLEET OF DONBASS, :
              Defendants. :

### NOTICE OF DEPOSITION

**SIRS:**

      **PLEASE TAKE NOTICE** that pursuant to F.R.C.P. 26, et seq., and in particular Rule 30, Plaintiff will take the deposition of Defendant, COMMERCIAL FLEET OF DONBASS, by the Master and/or Chief Mate of the M/V DOBRUSH on the subject voyage, before a Notary Public or other person duly authorized to administer oaths at the offices of HOLLSTEIN KEATING CATTELL JOHNSON & GOLDSTEIN P.C., 1201 North Orange Street, Suite 730, Wilmington, Delaware 19801, at **9:30** a.m. on the **18th** day of **December**, 2007, and continuing thereafter from day to day until completed.

{2242.00001:APF4196}

- 1 -

**PLEASE TAKE FURTHER NOTICE** that said Defendant is required to produce at that same time and place all materials, documents or other items denoted in plaintiff's Request for Production of Documents.

HOLLSTEIN KEATING
CATTELL JOHNSON & GOLDSTEIN P.C.

By: /s/ Lynne M. Parker
   Lynne M. Parker, Bar No. 2811
   1201 N. Orange Street, Suite 730
   Wilmington, Delaware 19801
   (302) 884-6700
   Attorneys for Plaintiff

Dated: November 9, 2007

{2242.00001:APF4196}

## CERTIFICATE OF SERVICE

I, Lynne M. Parker, Esquire, hereby certify that I caused to be served two copies of the foregoing NOTICE OF DEPOSITION this 9th day of November, 2007 upon the following counsel of record via the Electronic Case Filing System and First Class U.S. Mail:

Gary F. Seitz, Esquire
Rawle & Henderson LLP
300 Delaware Avenue, Suite 1015
Wilmington, DE 19801

Sharon Oras Morgan, Esquire
Fox Rothschild LLP
919 North Market Street
Suite 1300
Wilmington, DE 19801

                          HOLLSTEIN KEATING
CATTELL JOHNSON & GOLDSTEIN P.C.

By: /s/ Lynne M. Parker
    Lynne M. Parker, Bar No. 2811
    1201 N. Orange Street, Suite 730
    Wilmington, Delaware 19801
    (302) 884-6700
    Attorneys for Plaintiff

Dated: November 9, 2007

{2242.00001:APF4196}

**EXHIBIT C**

# Nicoletti Hornig & Sweeney

JOHN A.V. NICOLETTI
JAMES F. SWEENEY
DAVID R. HORNIG *
FRANK M. MARCIGLIANO
MICHAEL J. CARCICH
BARBARA A. SHEEHAN
NOOSHIN NAMAZI †
THOMAS M. RITTWEGER †
ROBERT A. NOVAK
TERRY L. STOLTZ
MICHAEL F. McGOWAN
VINCENT A. SUBA
SAMUEL C. COLUZZI †

LAWRENCE C. GLYNN †
VAL WAMSER †
KEVIN J.B. O'MALLEY
GUERRIC S.D.L. RUSSELL †
WILLIAM M. FENNELL
MICHAEL J. LARSON ∇
SCOTT D. CLAUSEN †
JANA SPERRY †◊

* ALSO ADMITTED IN TEXAS
† ALSO ADMITTED IN NEW JERSEY
∇ ALSO ADMITTED IN CONNECTICUT
◊ ALSO ADMITTED IN NORTH CAROLINA

WALLSTREET PLAZA
88 PINE STREET
SEVENTH FLOOR
NEW YORK, NY 10005-1801
TELEPHONE  212-220-3830
TELECOPIER  212-220-3780
E-MAIL: general@nicolettihornig.com
WEBSITE: www.nicolettihornig.com

MICHAEL MARKS COHEN
LINDA D. LIN
OF COUNSEL

NEW JERSEY OFFICE:
401 CONTINENTAL PLAZA
HACKENSACK, NEW JERSEY 0760
TELEPHONE  201-343-0970
TELECOPIER  201-343-5882

January 31, 2008

**VIA E-MAIL gseitz@rawle.com**
Gary F. Seitz, Esq.
Rawle & Henderson, LLP
1339 Chestnut Street
One South Penn Square
The Widener Building, 16th Floor
Philadelphia, PA 19107

RE:  Macsteel International USA Corp. v. M/V DOBRUSH in rem,
  her engines, boilers, etc., Western Bulk Carriers A.S.,
  and Commercial Fleet of Donbass
  United States District Court:  District of Delaware
  Case Number:    07-484
  Our File:      12000112 JFS

Dear Gary:

I write on a number of topics.

First, I note that in response to Macsteel's November 9, 2007 Request for Production of Documents, you have produced only copies of two survey reports from J.M. Hughes. Obviously, this is a woefully deficient/unacceptable response. Accordingly, should we not have the requested documents by February 6, 2008, we will enlist the Court's assistance to compel production.

Second, by Notice dated November 9, 2007, we noticed the deposition of your client by the

January 31, 2008
Page 2

Master and Chief Mate for the voyage in question. When will they be produced for their depositions? Please revert with a date certain.

Third, we intend to depose the loading surveyors. Please advise when you are free to travel to St. Petersburg during the month of March.

Fourth, will you produce surveyor J.M. Hughes for a deposition voluntarily or will he require a subpoena? By copy to Mr. Degen, we pose the same question regarding surveyor Patrick Irwin.

Finally, will you agree to jointly approach the Magistrate for a short extension on the current Scheduling Order.

Please let me hear from you regarding all of the foregoing matters.

Very truly yours,

NICOLETTI HORNIG & SWEENEY

By:                    /s/

James F. Sweeney

JFS/sa

cc:

**VIA E-MAIL adegen@foxrothschild.com**
A. Robert Degen, Esq.
Fox Rothschild LLP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103-3291

X:\Public Word Files\12\112\HIGGINS-RAWLE&HENDERSON ltr. (1-31-08) sa.doc

## Salma Abdallah

| | |
|---|---|
| **From:** | Salma Abdallah |
| **Sent:** | Thursday, January 31, 2008 11:06 AM |
| **To:** | 'gseitz@rawle.com' |
| **Cc:** | 'adegen@foxrothschild.com' |
| **Subject:** | Macsteel Int'l USA Corp. v. M/V DOBRUSH et al.; Our File: 12000112 JFS |
| **Attachments:** | HIGGINS-RAWLE&HENDERSON ltr. (1-31-08) sa.doc |

Please see attached from James F. Sweeney, Esq.



HIGGINS-RAWLE&H
ENDERSON ltr. (...

Salma Abdallah
**Nicoletti Hornig & Sweeney**
Wall Street Plaza
88 Pine Street
New York, New York 10005
Phone: (212) 220-3830
Fax: (212) 220-3780
Email: sabdallah@nicolettihornig.com
Web Site: www.nicolettihornig.com

**CONFIDENTIALITY NOTICE**
The information in this e-mail message and any attachment is private and confidential and is legally privileged. It is intended solely for the above named recipient(s). If this message has come to you in error or by any other circumstance please notify the sender and delete the message from your system immediately -- you are not entitled to use this message, copy it or disclose it to anyone else.

**SECURITY**
E-mail is not a secure medium and there is always a risk of interference, hacking or virus attack. While we adopt industry standards in guarding against such risks, it remains the responsibility of the recipient(s) of this message/attachment to ensure that the contents are intact and virus free.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MACSTEEL INTERNATIONAL USA CORP., | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 07-484-JJF-LPS |
| v. | : | |
| | : | |
| M/V DOBRUSH in rem, her engines, boilers, etc., WESTERN BULK CARRIERS A.S., and COMMERCIAL FLEET OF DONBASS, | : | |
| Defendants. | : | |

**ORDER**

The plaintiff having moved pursuant to Rule 37 of the Federal Rules of Civil Procedure to compel defendant Commercial Fleet of Donbass to comply with outstanding discovery demands, it is hereby ORDERED:

(1) That defendant Commercial Fleet of Donbass shall serve and file a written response to plaintiff's Request for Production of Documents on or before_____; and

(2) That defendant Commercial Fleet of Donbass shall produce the Master and Chief Mate of the M.V. DOBRUSH on the subject voyage for deposition on _____ at plaintiff's counsel's offices in Wilmington, Delaware; and

(3) That defendant Commercial Fleet of Donbass shall pay to plaintiff the sum of _____ as sanctions pursuant to Fed.R.Civ.P 37 (a)(4)(A).

_____
J.

{2242.00001:APF4901}